## Charles Drebes *v.* A. Schneyer & Company, Appellant.

*Contracts—Contract of employment—Evidence—Case for jury.*

In an action for wages due under an alleged verbal contract of employment, the case is for the jury and a verdict for plaintiff will be sustained, where the evidence of the plaintiff, corroborated by one witness, was to the effect that he had actually worked for the defendant for about eight weeks, and no testimony is offered to contradict the evidence produced on behalf of the plaintiff.

Argued October 9, 1919.  Appeal, No. 181, Oct. T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1918, No. 5522, on verdict for plaintiff in case of Charles Drebes v. A. Schneyer & Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.  Affirmed.

136, (1919).]     Verdict—Opinion of the Court.

Assumpsit on verbal contract of employment. Before ROGERS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $274 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Harry Sharpiro,* and with him *Maurice Rose,* for appellant.

*George Ovington, Jr.,* for appellee.

OPINION BY HEAD, J., December 1, 1919:

The plaintiff sought to recover a balance due him for wages under a contract of employment alleged to have been entered into between himself and the defendant. The latter offered no evidence on the trial and now complains merely of the refusal of the learned trial judge to direct a verdict in its favor on the ground that plaintiff had failed to prove his contract of employment. If, therefore, there was any evidence at all to warrant a finding that such contract had been made, this appeal must be dismissed.

The evidence of the plaintiff is meagre in quantity but we think was quite sufficient to carry his case to the jury. A disinterested witness, Samuel Hutkin, testified that he worked for the defendant company. He says he was authorized to secure help for the manufacture of bandoleers and knew the defendant had to have a cutter. At the instance of the witness, the plaintiff left the service of another employer where he was doing the same kind of work and agreed to work for the defendant company. The witness introduced him to Mr. Schneyer and told the latter "that this was the party I intended to use to run the Cameron machines." When asked what office

Mr. Schneyer held in the defendant company, the witness answered "all I know if I bought any merchandise I got the money from Mr. Schneyer and I was to give the bill to Mr. Schneyer." The plaintiff himself testifies he was introduced by the witness to Mr. Schneyer and that the former said to the latter "here is the man I got you to run your Cameron cutting machines." The plaintiff testifies that the rate of wages agreed on was $35 per week, that he actually assisted in setting up two of the machines and remained in the service of the defendant until the 5th of June following his employment, a period of about eight weeks. In this evidence there appears to us to be ample warrant for the submission by the trial judge of the question to the jury and their finding for the plaintiff ought not, therefore, to be disturbed.

The assignments of error are overruled. The judgment is affirmed.